

**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541954256

## Service of Process Transmittal Summary

**TO:**    Csx Legal Papers
CSX CORPORATION
500 WATER ST # J150
JACKSONVILLE, FL 32202-4423

**RE:**    **Process Served in Illinois**

**FOR:**    CSX Intermodal Terminals, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RAUL ALVAREZ // To: CSX Intermodal Terminals, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Law Division, IL<br>Case # 2022L006247 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 12/19/2020 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/19/2022 at 02:08 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, not counting the day of service |
| **ATTORNEY(S)/SENDER(S):** | Adam B. Riback<br>LEVIN, RIBACK & ADELMAN, P.C.<br>10 North Dearborn Street, 11th Floor<br>Chicago, IL 60602<br>312-782-6717 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2022, Expected Purge Date: 07/25/2022<br><br>Image SOP<br><br>Email Notification, Csx Legal Papers  legalpapersintake@csx.com<br><br>Email Notification, Lisa Balter  lisa_balter@csx.com<br><br>Email Notification, Suzanne Short  suzanne_short@csx.com<br><br>Email Notification, Tana Copeland  tana_copeland@csx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

**EXHIBIT A**

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541954256

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT A**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Tue, Jul 19, 2022
**Server Name:**                             Sheriff Drop

| Entity Served | CSX INTERMODAL TERMINALS, INC. |
|---|---|
| Case Number | 2022L006247 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *
FILED
7/13/2022 12:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006247
Calendar, F
18654652

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **RAUL ALVAREZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MATSON LOGISTICS, INC.,** | ) |
| **a foreign corporation,** | ) |
| **MATSON LOGISTICS WAREHOUSING, INC.,** | ) |
| **a foreign corporation,** | ) |
| **MATSON NAVIGATION COMPANY, INC.,** | ) |
| **a foreign corporation,** | ) |
| **CSX INTERMODAL, INC.,** | ) |
| **a foreign corporation,** | ) |
| **CSX INTERMODAL TERMINALS, INC.,** | ) |
| **a foreign corporation,** | ) |
| | ) |
| **Defendants.** | ) |

No. 2022L006247

Serve:
CSX Intermodal, Inc.
c/o Registered Agent
CT Corporation Systems
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

To each defendant:

        YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

        This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

7/13/2022 12:32 PM IRIS Y. MARTINEZ

WITNESS, _____, 20___.

_____
Clerk of court

Date of service: _____, 20___.
  (To be inserted by officer on copy
  left with defendant or other person)

Attorney No.: 65779
**LEVIN, RIBACK & ADELMAN, P.C.**
10 N. Dearborn Street
Chicago, Illinois 60602 (312) 782-6717

### CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *

FILED
7/13/2022 12:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006247
Calendar, F
18654652

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RAUL ALVAREZ, )
)
    Plaintiff, )
)
v. )    No. 2022L006247
)
MATSON LOGISTICS, INC., )
a foreign corporation, )
MATSON LOGISTICS WAREHOUSING, INC., )
a foreign corporation, )
MATSON NAVIGATION COMPANY, INC., )
a foreign corporation, )
CSX INTERMODAL, INC., )
a foreign corporation, )
CSX INTERMODAL TERMINALS, INC., )
a foreign corporation, )
)
    Defendants. )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, RAUL ALVAREZ, by and through his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendants, MATSON LOGISTICS, INC., a foreign corporation, MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation, MATSON NAVIGATION COMPANY, INC., a foreign corporation, CSX INTERMODAL, INC., a foreign corporation, CSX INTERMODAL TERMINALS, INC., a foreign corporation, alleges as follows:

### COUNT I
### NEGLIGENCE
### MATSON LOGISTICS, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS, INC., a foreign corporation, alleges as follows:

–1–

**EXHIBIT A**

\* 5 0 1 8 8 3 3 0 \*

1. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned

**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *

Valerias Transportation.  Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7.  On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8.  At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9.  The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway).  Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON LOGISTICS, INC., not properly securing the load within the container.  This failure to properly secure the load on the part of the

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON LOGISTICS, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel

EXHIBIT A

equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON LOGISTICS, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON LOGISTICS, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

–5–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

**COUNT II**
**NEGLIGENCE**
**MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation**

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation, alleges as follows:

1. That at on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, MATSON OGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer

–6–

EXHIBIT A

operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON LOGISTICS WAREHOUSING, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

EXHIBIT A

b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON LOGISTICS WAREHOUSING, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain &

**EXHIBIT A**

suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

**COUNT III**
**NEGLIGENCE**
**MATSON NAVIGATION COMPANY, INC., a foreign corporation**

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS, INC., a foreign corporation, alleges as follows:

1.  That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2.  That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3.  That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination

–10–

**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *

and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from

EXHIBIT A

shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON NAVIGATION COMPANY, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON NAVIGATION COMPANY, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

   f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

   g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON NAVIGATION COMPANY, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON NAVIGATION COMPANY, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

### COUNT IV
### NEGLIGENCE
### CSX INTERMODAL, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, CSX INTERMODAL, INC., a foreign corporation, alleges as follows:

1. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

–14–

EXHIBIT A

3. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and

–15–

EXHIBIT A

the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, CSX INTERMODAL, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, CSX INTERMODAL, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

   f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

   g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced,

**EXHIBIT A**

causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, CSX INTERMODAL, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, CSX INTERMODAL, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

## COUNT V
## NEGLIGENCE
## CSX INTERMODAL TERMINALS, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, CSX INTERMODAL TERMINALS, INC., a foreign corporation, alleges as follows:

1. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included its

–18–

**EXHIBIT A**

employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

–19–

* 5 0 1 8 8 3 3 0 *

7.  On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8.  At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9.  The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, CSX INTERMODAL TERMINALS, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

–20–

* 5 0 1 8 8 3 3 0 *

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, CSX INTERMODAL TERMINALS, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

    b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

    c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

    d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

    e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

    f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

EXHIBIT A

g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, CSX INTERMODAL TERMINALS, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, CSX INTERMODAL TERMINALS, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By:    _/s/ Adam B. Riback_____
       Adam B. Riback, Esq.

–22–

EXHIBIT A

Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 North Dearborn Street, 11th Floor
Chicago, Illinois 60602
(312) 782-6717
ariback@lralegal.com

–23–

**EXHIBIT A**

## SUPREME COURT RULE 222 AFFIDAVIT

Adam B. Riback, attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing of this Complaint, the total money damages sought are in excess of $50,000.00.

       */s/ Adam B. Riback*
Adam B. Riback
Attorney for Plaintiff
LEVIN, RIBACK & ADELMAN, P.C.
10 North Dearborn Street, 11th Floor
Chicago, Illinois 60602
ariback@lralegal.com

Dated:  *7/13/22*

–24–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *
FILED
7/13/2022 12:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006247
Calendar, F
18654652

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| RAUL ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2022L006247 |
| | ) | |
| MATSON LOGISTICS, INC., | ) | |
| a foreign corporation, | ) | |
| MATSON LOGISTICS WAREHOUSING, INC., | ) | |
| a foreign corporation, | ) | |
| MATSON NAVIGATION COMPANY, INC., | ) | |
| a foreign corporation, | ) | |
| CSX INTERMODAL, INC., | ) | |
| a foreign corporation, | ) | |
| CSX INTERMODAL TERMINALS, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, RAUL ALVAREZ, by and through his attorneys,

LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendants, MATSON

LOGISTICS, INC., a foreign corporation, MATSON LOGISTICS WAREHOUSING, INC.,

a foreign corporation, MATSON NAVIGATION COMPANY, INC., a foreign corporation,

CSX INTERMODAL, INC., a foreign corporation, CSX INTERMODAL TERMINALS,

INC., a foreign corporation, alleges as follows:

### COUNT I
### NEGLIGENCE
### MATSON LOGISTICS, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK &

ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS, INC., a

foreign corporation, alleges as follows:

–1–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

1. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned

EXHIBIT A

Valerias Transportation.  Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7.  On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8.  At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9.  The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway).  Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON LOGISTICS, INC., not properly securing the load within the container.  This failure to properly secure the load on the part of the

–3–

EXHIBIT A

Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON LOGISTICS, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel

–4–

EXHIBIT A

equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

f)  Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

g)  Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON LOGISTICS, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON LOGISTICS, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

## COUNT II
## NEGLIGENCE
## MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation, alleges as follows:

1. That at on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, MATSON OGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer

EXHIBIT A

operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

–7–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway).  Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON LOGISTICS WAREHOUSING, INC., not properly securing the load within the container.  This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON LOGISTICS WAREHOUSING, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

–8–

EXHIBIT A

b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON LOGISTICS WAREHOUSING, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain &

EXHIBIT A

suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON LOGISTICS WAREHOUSING, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

### COUNT III
### NEGLIGENCE
### MATSON NAVIGATION COMPANY, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, MATSON LOGISTICS, INC., a foreign corporation, alleges as follows:

1. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination

and/or delivery.

4. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, MATSON NAVIGATION COMPANY, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation.  Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from

–11–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, MATSON NAVIGATION COMPANY, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

EXHIBIT A

15. Notwithstanding its duty, at said time and place, the Defendant, MATSON NAVIGATION COMPANY, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

   f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

   g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over

–13–

**EXHIBIT A**

on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, MATSON NAVIGATION COMPANY, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, MATSON NAVIGATION COMPANY, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

### COUNT IV
### NEGLIGENCE
### CSX INTERMODAL, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, CSX INTERMODAL, INC., a foreign corporation, alleges as follows:

1. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included its employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

EXHIBIT A

3. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5. That on and before December 19, 2020, the Defendant, CSX INTERMODAL, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6. On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation. Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

7. On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8. At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and

EXHIBIT A

the container was sealed.

9. The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, CSX INTERMODAL, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

**EXHIBIT A**

* 5 0 1 8 8 3 3 0 *

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, CSX INTERMODAL, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

   b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

   c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

   d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

   e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

   f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

   g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced,

EXHIBIT A

causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, CSX INTERMODAL, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, CSX INTERMODAL, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

## COUNT V
## NEGLIGENCE
## CSX INTERMODAL TERMINALS, INC., a foreign corporation

NOW COMES the Plaintiff, RAUL ALVAREZ, by his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complaining of the Defendant, CSX INTERMODAL TERMINALS, INC., a foreign corporation, alleges as follows:

1. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included providing containers for the transport of materials by means of tractor-trailer from one location to another.

2. That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included its

–18–

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

employees and/or agents loading materials into containers for the purpose of those materials being transported from one location to its intended point of destination and/or delivery.

3.  That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, provided intermodal services that included providing its own employees and/or agents that would load materials into containers for transport over roadways and highways to their intended point of destination and/or delivery.

4.  That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, by and through its employees and/or agents had a duty to load the containers in a safe manner so that the load would not shift or move during transport which would create a safety hazard to the tractor-trailer operator as well as others driving on the roadways and highways that the aforementioned tractor-trailer would be traveling upon while transporting the load to its point of destination and/or delivery.

5.  That on and before December 19, 2020, the Defendant, CSX INTERMODAL TERMINALS, INC., a corporation, by and through its employees and/or agents, had a duty to safely secure the load that its employees and/or agents loaded into containers so that the load would not shift or move during transport.

6.  On December 19, 2020, the Plaintiff, RAUL ALVAREZ was a truck driver who owned Valerias Transportation.  Plaintiff, Raul Alvarez, had his services retained to pick up a container at the CSX Railroad Company located at 7000 W. 71st Street in Bedford Park, Illinois.

EXHIBIT A

* 5 0 1 8 8 3 3 0 *

7.  On December 29, 2020, Plaintiff, RAUL ALVAREZ drove his tractor to the CSX Railroad Company yard located at 7000 W. 71st Street in Bedford Park, Illinois.

8.  At the CSX Railroad Company yard Plaintiff picked up a container of heavy steel equipment that had been loaded into the container prior to the Plaintiff's arrival and the container was sealed.

9.  The container that held heavy steel equipment was loaded improperly and lacked the bracing inside of the unit to prevent the load of heavy steel equipment from shifting while being transported over the roadways and highways in Illinois.

10. On December 19, 2020, Plaintiff's assignment was to transport the container of heavy steel equipment from the CSX Railroad Company yard to the BNSF Railway – Logistics Park Chicago which was located at 26664 South Elwood International Port Road in the Village of Elwood, County of Will, and State of Illinois.

11. On December 19, 2020, while transporting the aforementioned load, Plaintiff's route of travel took him northbound on US Route 45 towards Interstate 55 (Stevenson Expressway). Plaintiff entered the US Route 45 north bound ramp to proceed southbound on Interstate 55, in the City of LaGrange, Illinois.

12. On December 19, 2020, while on the US Route 45 ramp to proceed southbound on Interstate 55 the load of heavy steel equipment shifted within the container as a result of Defendant, CSX INTERMODAL TERMINALS, INC., not properly securing the load within the container. This failure to properly secure the load on the part of the Defendant included a lack of bracing inside the container that would prevent the load of heavy steel equipment from shifting during its transport over the highways in Illinois.

–20–

EXHIBIT A

13. On December 19, 2020, the load of heavy steel equipment shifted while Plaintiff attempted to enter onto Interstate 55 from US Route 45, causing the load of heavy steel equipment inside the container to shift and thereby proximately causing the tractor and attached container to overturn on the driver's side.

14. On December 19, 2020, the Plaintiff was in the exercise of due care and caution for his own safety while performing his duties as a truck driver/operator.

15. Notwithstanding its duty, at said time and place, the Defendant, CSX INTERMODAL TERMINALS, INC., by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Carelessly and negligently loaded the container with heavy steel equipment and failed to safely and properly secure the load to prevent it from moving and/or shifting during its transport over the highways of Illinois;

    b) Carelessly and negligently failed to safely and properly secure bracing to the load of heavy steel equipment to prevent it from shifting and/or moving during its transport over the highways of Illinois;

    c) Carelessly and negligently failed to provide sufficient bracing that was necessary to safely and properly secure the load of heavy steel equipment and prevent it from shifting and/or moving during its transport over the highways of Illinois;

    d) Carelessly and negligently failed to conduct a proper inspection of the load of heavy steel equipment once loaded into the container to ensure that the load was safely and properly secured and/or braced in a manner that would prevent the load from shifting and/or moving during its transport over the highways of Illinois;

    e) Carelessly and negligently failed to warn Plaintiff that the load of heavy steel equipment inside the sealed container was not properly secured and/or braced to prevent it from shifting or moving during transport;

    f) Carelessly and negligently failed to provide sufficient bracing to prevent the load of heavy steel equipment inside the sealed container from shifting or moving during transport;

EXHIBIT A

g) Carelessly and negligently failed to ensure that whatever bracing was provided was sufficient to prevent the load of heavy steel equipment to shift and/or move during transport.

16. On December 19, 2020, Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries when the load of heavy steel equipment shifted and/or otherwise moved due to the load not being properly secured and/or braced, causing the tractor Plaintiff was inside and the attached container from tipping over on the driver's side while Plaintiff attempted to enter Interstate 55 from US Route 45 by means of a ramp.

17. That as a direct and proximate result of the negligence of the Defendant, CSX INTERMODAL TERMINALS, INC., the Plaintiff, RAUL ALVAREZ, suffered severe and permanent personal and pecuniary injuries including, but not limited to, medical bills (past, present and future), lost wages (past, present and future), pain & suffering (past, present and future), and loss of normal life (past, present and future), disability (past, present and future).

WHEREFORE, the Plaintiff, RAUL ALVAREZ, demands judgment against the Defendant, CSX INTERMODAL TERMINALS, INC., a foreign corporation, in a sum in excess of $50,000.00 and costs in bringing this action.

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By:     _/s/ Adam B. Riback_____
         Adam B. Riback, Esq.

–22–

* 5 0 1 8 8 3 3 0 *

Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 North Dearborn Street, 11th Floor
Chicago, Illinois 60602
(312) 782-6717
ariback@lralegal.com

**EXHIBIT A**

*  5  0  1  8  8  3  3  0  *

## SUPREME COURT RULE 222 AFFIDAVIT

Adam B. Riback, attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing of this Complaint, the total money damages sought are in excess of $50,000.00.


___/s/ Adam B. Riback_____
Adam B. Riback
Attorney for Plaintiff
LEVIN, RIBACK & ADELMAN, P.C.
10 North Dearborn Street, 11th Floor
Chicago, Illinois 60602
ariback@lralegal.com


Dated:  _7/13/22_____

EXHIBIT A